IN THE SUPREME COURT OF THE STATE OF DELAWARE

FRANK DIGNAN, §
§
    Defendant Below, § No. 77, 2019
    Appellant, §
§ Court Below–Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1104022622 (N)
§
    Plaintiff Below, §
    Appellees. §
§

Submitted: March 11, 2019
Decided: April 12, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

**<u>ORDER</u>**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Frank Dignan, appeals a sentence the Superior Court imposed upon him for second degree burglary. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Dignan's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Dignan pleaded guilty to nine charges in order to resolve five pending cases on March 1, 2012. Specifically, Dignan pleaded guilty to three counts of second degree burglary, one count of second degree forgery, three

counts of second degree conspiracy, and two counts of misdemeanor theft. In exchange for his plea, the State entered a *nolle prosequi* on numerous other charges. Following a presentence investigation, the Superior Court sentenced Dignan as follows: on the first burglary charge, eight years at Level V incarceration ("Level V"); on the second burglary charge, one year at Level V, to be served consecutively; and, on the third burglary charge, three years at Level V, suspended after one year for decreasing levels of supervision, to be served consecutively. On each of remaining charges, the Superior Court sentenced Dignan to one year at Level V, suspended for Level II probation.

(3) On April 22, 2015, Dignan filed a motion for modification of his sentence. The Superior Court denied the motion, finding it time-barred and concluding the sentence was appropriate for the reasons stated at sentencing. On April 13, 2018, Dignan moved the Superior Court to modify his sentence order to ensure he was given the opportunity to participate in a substance abuse program. After seeking input from the Department of Corrections (DOC), the Superior Court declined to amend the order. On October 30, 2018, Dignan yet again moved for the modification of his sentence to accommodate his physical ailments. The Superior Court denied the motion, noting DOC was able to address any medical issues Dignan may have.

(4)     On January 18, 2019, Dignan filed a motion to correct an illegal sentence.  The Superior Court denied the motion, finding the sentence was imposed pursuant to a plea agreement whereby Dignan acknowledged in open court that he was aware of the possible penalties he faced; the motion was time-barred because it was filed more than 90 days after the imposition of the sentence; no new information had been provided to the sentencing court that would warrant a reduction or modification of the sentence; and Dignan's sentence for second degree burglary was authorized by law.  This appeal followed.

(5)     Dignan argues his sentence to eight years at Level V for second degree burglary is illegal because it exceeds the maximum penalty that may be imposed under section 11 *Del. C.* § 825.  Section 825 provides, in relevant part:

> Notwithstanding any provision of this section or Code to the contrary, any person convicted of burglary in the second degree shall receive a *minimum sentence* of:
>
> (1) One year at Level V; or
>
> (2) Three years at Level V, if the conviction is for an offense that was committed within 5 years of the date of a previous conviction for burglary first or second degree or if the conviction is for an offense that was committed within 5 years as of the date of termination of all periods of incarceration or confinement imposed pursuant to a previous conviction for burglary first or second degree conviction.[1]

---

[1] 11 *Del. C.* § 825(b) (emphasis added).

Dignan believes this language limits the sentence he can receive on a second degree burglary conviction to a maximum of three years. But, this section sets out the *minimum* sentence to which one can be sentenced. Section 4205 of Title 11 sets out the maximum sentence one can receive for each felony class. Burglary second is a class D felony,[2] for which a person can be sentenced up to eight years at Level V.[3] Accordingly, we find no merit to Dignan's argument that the Superior Court imposed an illegal sentence for his conviction of second degree burglary.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.


BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *Id.* ("Burglary in the second degree is a class D felony, except where the person who suffers physical injury is a person 62 years of age or older in which case any violation of this section shall be a class C felony.").
[3] 11 *Del. C.* § 4205(b)(4).